UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN HANSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>WESTERN PROGRESSIVE, LLC, and OCWEN LOAN SERVICING, LLC,<br><br>    Defendants. | No. 2:15-cv-01426-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Dan Hansen ("Plaintiff") seeks to prevent Defendants Western Progressive LLC ("Western") and Ocwen Loan Servicing ("Ocwen") from foreclosing on his residence located at 913 Baker Hill Way, Rocklin, California ("Property").  Plaintiff alleges that Defendants have not adequately demonstrated their right to foreclose on the property.  He asserts a federal claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., as well as state law causes of action for violation of the Homeowner's Bill of Rights, California Civil Code § 2924.17, and for breach of contract and negligent misrepresentation.  Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, brought pursuant to Federal Rule of

///

///

Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.[1]

For the reasons set forth below, Defendants' Motion is GRANTED with leave to amend.[2]

## BACKGROUND

Plaintiff purchased the Property with a mortgage loan in the amount of $576,000.00 obtained from WMC Mortgage Corp. (Defs.' Request for Judicial Notice ("RJN"), Ex. A.[3]) On June 5, 2006, a Deed of Trust was recorded listing Westwood Associates as the trustee and the Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. Id.

On January 25, 2009, MERS recorded an Assignment of Plaintiff's Deed of Trust which transferred WMC's beneficial interest in the Deed of Trust to the Bank of New York Mellon f/k/a/ the Bank of New York ("Mellon") as trustee for the holders of the GE-WMC Asset-Backed Pass Through Certificates, Series 2006-1. Id. at Ex. B. Thereafter, in 2009, Mellon recorded a Substitution of Trustee appointing Quality Loan Service Corporation as Trustee of Plaintiff's Deed of Trust. Five years later, in 2014, Mellon recorded another Substitution of Trustee in favor of Defendant Western. Defendant Ocwen's sole involvement in the handling of Plaintiff's loan stems from its role as Mellon's loan servicer.

Western recorded a Notice of Default on the Property on October 14, 2014, which indicated Plaintiff's arrears totaled $77,976.87 as of October 1, 2014. Thereafter, on

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Having determined that oral argument would not be of material assistance, this Motion was submitted on the briefs in accordance with Local Rule 230(g).

[3] Defendants' RJN includes various documents related to the Property, including, inter alia, the Deed of Trust, Assignment of the Deed of Trust, and various documents pertaining to Plaintiffs' loan and subsequent default. All the documents which the Court is being asked to judicially notice were filed and recorded in Placer County, where the Property is located. As such, the Court can take judicial notice of the documents as public records. See Fed. R. Evid. 201; Botelho v. U.S. Bank, N.A., 692 F. Supp. 2d 1174, 1178 (N.D. Cal. 2010); Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1093-94 (N.D. Cal. 2009). Defendants' request is therefore GRANTED and Plaintiff's objections to the request are overruled.

June 22, 2015, a Notice of Trustee's Sale was recorded, also by Western, which reported Plaintiff's total unpaid balance on the mortgage as $615,845.08.  Id. at Ex. H. According to that Notice, the sale of the Property was scheduled for July 23, 2015.

Plaintiff filed the instant lawsuit in this Court on July 6, 2015, arguing that Defendants have not demonstrated their right to foreclose.  By Stipulation and Order filed August 19, 2015, the parties agreed to stay their legal proceedings, including the pending foreclosure, until November 13, 2015.  Defendants filed the present Motion on November 23, 2015, and there is no indication that foreclosure proceedings against the Property have resumed.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

3

pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

The crux of Plaintiff's argument in bringing this lawsuit appears to be that Defendants lacked any authority to institute nonjudicial foreclosure proceedings under California law.  According to Plaintiff, this is because his mortgage was transferred without a valid assignment from the original lender, WMF, to Mellon.  Plaintiff alleges that the transfer, as initiated by MERS, was ineffective because Mellon has failed to show it paid valuable consideration for Plaintiff's debt allegation in the first place. Pl.'s Compl., ¶ 3.  Plaintiff alternatively argues that even if Mellon was indeed a bona fide beneficiary of his mortgage obligation, Plaintiff must be considered an intended beneficiary of the Pooling and Servicing Agreement ("PSA") under which Mellon, as a Real Estate Mortgage Investment Conduit ("REMIC") trust, securitized Plaintiff's loan. Id. at ¶ 5. Plaintiff then contends that because the PSA relates solely to his debt obligation, it does not control and that therefore Defendants are not agents for a valid beneficiary to his debt obligation.  Therefore, under either argument, Plaintiff claims that Defendants lack the authority to foreclose.

Plaintiff's separate causes of action demonstrate that this predicate shortcoming underpins his entire lawsuit.  In his First Cause of Action, for Breach of Contract, Plaintiff claims that Defendants recorded a Notice of Default without being either a valid beneficiary to Plaintiff's mortgage or an agent of such a beneficiary. Id. at ¶¶ 40-41. Plaintiff goes on to argue that his inquiries concerning that status went unheeded and that consequently Defendants had no authority to claim a default had occurred or to invoke nonjudicial foreclosure proceedings under California law. Id. at ¶¶ 47-49. Similarly, Plaintiff's Second Cause of Action, for violation of the Fair Credit Report Act, alleges that Ocwen falsely reported Plaintiff's default to credit reporting agencies despite the fact that Ocwen was not an agent for a bona fide beneficiary of Plaintiff's debt obligation and therefore was precluded from doing so. Id. at ¶58. Additionally, Plaintiff's Homeowner's Bill of Rights claim, as pled in his Third Cause of Action, again is

predicated on an argument that Defendants lacked authority to record a notice of default since they failed to produce evidence that they were bona fide beneficiaries entitled to do so. Id. at ¶ 72. Finally, while the reasoning underlying Plaintiff's Fourth and final claim, for Negligent Misrepresentation, is somewhat difficult to deduce, it appears Plaintiff again argues that Defendants took various actions pertaining to Plaintiff's loan without "lawful authority" and by posing as "fictitious payees," and therefore authority to either accept loan payment or to accelerate Plaintiff's loan obligation as a whole through foreclosure. Id. at ¶¶ 88-89.

      It is undisputed that Western's efforts to foreclose on Plaintiff's loan were effectuated through California's nonjudicial foreclosure scheme. That scheme, as set forth in California Civil Code §§ 2924 through 2924k, "provide[s] a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale[4] contained in a deed of trust." Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994). "These provisions cover every aspect of the power of sale contained in a deed of trust." I.E. Associates v. Safeco Title Ins. Co., 39 Cal.3d 281, 285 (1985). "The purposes of this comprehensive scheme are threefold: 1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser." Moeller v. Lien, 25 Cal. App. 4th at 830. Because of the exhaustive nature of this scheme, California's "courts have refused to read any additional requirements into the non-judicial foreclosure statute." Lane v. Vitek Real Estate Industries Group, 713 F. Supp. 2d 1092, 1098 ; see also Moeller v. Lien, 25 Cal. App. 4th at 834 ("It would be inconsistent with the comprehensive and exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another unrelated cure provision into statutory nonjudicial foreclosure proceedings."). Significantly, too, nonjudicial foreclosure

---

[4] Plaintiff's Deed of Trust provides a power of sale at § 20, which provides that Plaintiff's promissory note, together with the Deed of Trust, "can be sold one or more times without prior notice to Borrower." Deed of Trust, Ex. A to Defs.' RJN, § 20.

proceedings are "presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption. <u>Fontenot v. Wells Fargo Bank, N.A.,</u> 198 Cal. App. 4th 256, 270 (2011).

Despite this clear precedent, Plaintiff himself describes the salient issue in this lawsuit as whether Defendants obtained their purported right to initiate foreclosure from a bona fide assignee of the Lender. Plaintiffs allege that in the absence of such an interest they acquired no right, title or interest in Plaintiff's debt obligation sufficient for purposes of conferring standing to foreclose. <u>See</u> Pl.'s Opp., 7:16-21.[5] Indeed, Plaintiff's Complaint expressly alleges that "his real property is being falsely encumbered by an unlawful lien" which stems from "a void assignment of Plaintiff's deed of trust" by his original lender, WMC, to Mellon.  Compl., § 2. Plaintiffs go on to allege that because Mellon is not a valid beneficiary of his loan obligation, no transfer of assignment to Defendants could occur.  Alternatively, Plaintiff further contends that even if Mellon was a proper beneficiary, the PSA executed by Mellon was still void and that consequently defendants could not be agents under that theory, either.

In <u>Gomes v. Countrywide Home Loans, Inc</u>., 192 Cal. App. 4th 1149 (2011) the state court rejected very similar arguments.  In <u>Gomes</u>, the borrower complained that he "[did] not know the identity of the Note's beneficiary owner" and alleged that "the person or entity who directed the initiation of the foreclosure process . . . was neither the Note's rightful owner nor acting with the rightful owner's authority." <u>Id.</u> at 1152.  Like Plaintiff herein, the borrower in <u>Gomes</u> sued "to determine whether the owner of the Note . . . authorized the nominee to initiate the foreclosure process." <u>Id.</u> at 1154.  The court rejected Gomes' attempt in that regard to "interject the courts" into California's "comprehensive" non-judicial foreclosure statutes, which are designed, as indicated above, "to provide the creditor/beneficiary with a quick, inexpensive and efficient

///

---

[5] Plaintiff also inexplicably appears to object to this Court's subject matter and/or in personam jurisdiction over Defendants despite the fact that it was Plaintiff who filed suit in this Court.

remedy" against a defaulting debtor. Id. at 1154; Moeller v. Lien, 25 Cal. App. 4th at 830.

Significantly, as Gomes explained, "nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure is indeed authorized." Moreover, the court went on to explain that there was "no ground for implying such an action." Id. at 1155. Gomes further observed that permitting such intervention would "fundamentally undermine the non-judicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." Id. Although the Gomes court recognized limited circumstances where a "specific factual basis" existed to challenge a foreclosing party's authority to do so, it found no "competent, particularized factual allegations or evidence" that pointed to any such finding. Id. at 1155-56.

Here too no such particularized evidence or allegations offered. To the contrary, Plaintiff states only that Defendants have failed to demonstrate the validity of the assignment. It is Plaintiff, however, who bears that burden as opposed to Defendants, and Plaintiff has failed to meet his burden.[6] Nor can Plaintiff point to an alleged violation of the PSA to confer standing on his challenge to Defendants' right to foreclose, or Mellon's ownership interest in his loan. Improper securitization under a PSA does not support any such challenge under California case law. See Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 515 (2013) (as an unrelated third party to the alleged securitization . . . [the plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions."); Arabia v. BAC Home Loans Serv., L.P., 208 Cal. App. 4th 462, 473 (2012) ("[I]f [defendant servicer] had breached the PSA, then perhaps [the trustee of the PSA] would have a claim against [defendant servicer]. But it is an unsupported leap of

---

[6] By asserting no factual basis for arguing that Defendants were not authorized to proceed with foreclosure, Plaintiff, like Gomes, "simply seeks the right to bring a lawsuit to find out whether [Defendants have] such authority. No case law or statute authorizes such a speculative suit." Gomes, 192 Cal. App. 4th at 1156.

logic that would allow [plaintiff] to use these breaches to challenge [defendant servicer's] right to initiate a judicial foreclosure[.]").

Most federal district courts within California are in accord with this reasoning. See, e.g., Flores v. GMAC Mortgage, LLC, 2013 WL 2049388 at *3 (N.D. Cal. May 14, 2013 (finding that third party borrowers like Plaintiff lack standing to enforce claims stemming from alleged deficiencies in a PSA); McGough v. Wells Fargo Bank, N.A., 2012 WL 2255931 at *4 (N.D. Cal. Jun. 18, 2012) (holding plaintiff lacked standing to enforce a PSA where not an investor or party to the PSA); Brown v. U.S. Bancorp, 2012 WL 665900 (C.D. Cal. Feb. 27, 2012) ("plaintiffs lack standing to challenge the process by which their mortgage was securitized because they are not a party to the PSA"); Sami v. Wells Fargo Bank, 2012 WL 967051 (N.D. Cal. 2012) (finding "that [plaintiff] lacks standing . . . because [he] is neither a party to, nor a third party beneficiary of, [the PSA]"). Although California's Fifth District did find, in Glaski v. Bank of America, N.A., 2013 Cal. App. 4th 1079 (2013), that a borrower may challenge a securitized mortgage's chain of ownership, most courts have declined to follow this minority rule. See, e.g., Maxwell v. Deutsche Bank Nat'l Trust Co., 2013 WL 6072109 at *2 (N.D. Cal. Nov. 18, 2013) ("[T]he majority of courts, including many judges in this district and circuit, as well as other California courts, have disagreed with [the Glaski] decision and its conclusion."); Rivac v. Ndex West LLC, 2013 WL 6662762 at *4 (N.D. Cal. Dec. 17, 2013 (recognizing as persuasive the reasoning of courts rejecting Glaski). This Court too finds that Plaintiffs lack standing to either challenge Defendants' right to foreclose or the securitization of his loan under the PSA since Plaintiff is not a party to the PSA and therefore lacks standing to see based on alleged violations of the PSA.

Significantly, too, it bears noting that even assuming the subsequent transfers of Plaintiff's Deed of Trust were invalid, Plaintiff would not be the injured party in any event. As the Jenkins court noted, a borrower like Plaintiff "is not the victim of such invalid transfers because [his] obligations under the note remain unchanged. Jenkins, 216 Cal. App. 4th at 515. Instead, rather than Plaintiff, the "true victim" would appear to be "the

9

entity or individual who believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of their interest in the note." Id.  See also Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 271 (2011) (Plaintiff cannot show the prejudice necessary to challenge foreclosure, under an invalid assignment theory, since even if MERS lacked authority to transfer the note, that assignment merely substituted one creditor for another and did not change plaintiff's own obligations).

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is filed by that date, this action will be dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  August 10, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE